**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JASON W. KIRKENDOLL**                                                     **PLAINTIFF**

**V.**                    **CASE NO.: 4:15CV00358 BD**

**CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration**                                    **DEFENDANT**

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Jason W. Kirkendoll appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Disability Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). For reasons that follow, the decision of the Commissioner is reversed and remanded.

**I.**      **<u>Background</u>**

On October 5, 2011, Mr. Kirkendoll filed for benefits due to obesity and limitation of his left arm and shoulder. (Tr. 134-140, 151) He alleged disability beginning on September 10, 2010. An Administrative Law Judge ("ALJ") held a hearing on May 9, 2013, and Mr. Kirkendoll appeared with his lawyer. At the hearing, the ALJ heard testimony from Mr. Kirkendoll, his stepmother, and a vocational expert ("VE"). (Tr. 43-76)

The ALJ issued a decision on October 22, 2013, finding that Mr. Kirkendoll was not disabled under the Act. (Tr. 28-39) On April 14, 2015, the Appeals Council denied Mr. Kirkendoll's request for review, making the ALJ's decision the Commissioner's final

decision. (Tr. 1-3) On June 15, 2015, Mr. Kirkendoll filed this appeal. (Docket entry #2) The parties have filed their briefs, and the case is ready for decision.[1]

Mr. Kirkendoll was twenty-three years old on his alleged disability onset date and twenty-six years old at the time of the hearing. (Tr. 48) He was 5'9" tall and weighed somewhere between 500-600 pounds. (Tr. 48) Mr. Kirkendoll had graduated high school. (Tr. 50) He had past relevant work as a heavy equipment operator. (Tr. 48)

## II.   Decision of the Administrative Law Judge[2]

The ALJ found that Mr. Kirkendoll had not engaged in substantial gainful activity since September 10, 2010, and had the following severe impairments: morbid obesity, degenerative joint disease (history of left acromiclavicular joint separation), and mild systolic ejection murmur. (Tr. 30) The ALJ found that Mr. Kirkendoll's depressive disorder was not a severe impairment and that he did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  (Tr. 30-31)

---

[1] The parties have consented to the jurisdiction of a magistrate judge. (#4)

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

[3] 20 C.F.R. §§ 404.1520(d), 404.1525, and 6+9404.1526.

According to the ALJ, Mr. Kirkendoll retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work. He had the ability to lift and carry ten pounds occasionally and less than ten pounds frequently; to stand or walk up to two hours in an eight-hour workday, with a sit/stand option of forty-five minute intervals of sitting followed by four-to-five minute intervals of standing in place; to sit six hours in an eight-hour workday; to push or pull ten pounds occasionally and less than ten pounds frequently with the right arm, but not with the left; and to frequently handle and finger with both hands. (Tr. 31) The ALJ found no nonexertional limitations.

Mr. Kirkendoll could not perform past relevant work. (Tr. 37) The VE testified, however, that food checker, appointment clerk, and telephone solicitor were jobs that a person with Mr. Kirkendoll's limitations could perform. (Tr. 73-74) Accordingly, the ALJ determined that Mr. Kirkendoll could perform a number of jobs in the national economy and, therefore, was not disabled. (Tr. 38-39)

### III. Analysis

#### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

### B.   Mr. Kirkendoll's Arguments for Reversal

Mr. Kirkendoll asserts that the Commissioner's decision should be reversed because the ALJ: (1) failed to include depression, obesity, and pain related limitations in the RFC; and as a result, (2) failed to sustain the Commissioner's burden at Step 5 of the sequential analysis. (#15)

#### 1.   RFC Assessment

Mr. Kirkendoll argues that the ALJ erred in his RFC assessment. (#15) The ALJ found that Mr. Kirkendoll could perform a limited version of sedentary work. (Tr. 20-32) This represents an extremely limited RFC. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(h)(4) ("'Sedentary work' represents a significantly restricted range of work, and individuals with a maximum sustained work capability limited to sedentary work have very serious functional limitations."). The RFC finding, however, omits any nonexertional limitations.

Mr. Kirkendoll's medical record is fairly limited due to his financial situation. He had not sought treatment for depression or any other mental condition. The record contains, however, several references to an objective medical screening indicating he suffered from moderately severe depression. (Tr. 235, 260, 263) As a result, the ALJ felt

4

it necessary to send Mr. Kirkendoll for a consultative psychological evaluation. (Tr. 73) For the evaluation, Mr. Kirkendoll saw licensed psychologist Nancy J. Toombs, Ed.D. (Tr. 278-282)

Dr. Toombs diagnosed Mr. Kirkendoll with depressive disorder and felt that he was more depressed than he was able to articulate. (Tr. 281) Mr. Kirkendoll had become more isolated and withdrawn, had no contact with friends, and Dr. Toombs thought he would eventually get to the point where he would not even want to leave the house. (Tr. 281) Dr. Toombs noted that Mr. Kirkendoll's depression would affect his capacity to cope with the mental and cognitive demands of work tasks. (Tr. 281) The ALJ noted that Dr. Toombs had conducted clinical testing to substantiate her opinion. (Tr. 37) But instead of crediting the specialist the ALJ had Mr. Kirkendoll see, the ALJ gave Dr. Toombs's opinion "little weight."[4] (Tr. 37) If the record contained other, more compelling medical evidence concerning depression, the ALJ's decision to give Dr. Toombs's opinion little weight may be justified. That is not the case here.

The record contains one finding of moderately severe depression and one consultative psychological evaluation with a diagnosis of depressive disorder. (Tr. 235, 260, 263, 278-282) As the ALJ noted, Dr. Toombs found that Mr. Kirkendoll's

---

[4] The ALJ found Mr. Kirkendoll's depression not severe, meaning it would cause no limitation in his ability to perform basic work activities. (Tr. 30) Despite this finding, the ALJ discussed whether or not Mr. Kirkendoll's depression would meet the Listing for depressive syndrome. (Tr. 31) The Listings provide a presumption of disability for only the most severe impairments.

depression would cause work-related deficiencies. (Tr. 34) By essentially rejecting Dr. Toombs's opinions, the ALJ credited his own opinions over the medical evidence. This was error. The error was not harmless because it resulted in a flawed RFC that the Commissioner used to elicit VE testimony to meet her burden at Step 5.

### 2. Step 5 of the Sequential Analysis

When, as here, a claimant proves he or she cannot perform past relevant work, the Commissioner has the burden of producing evidence that the claimant has the RFC to perform other jobs. *Hensley v. Colvin*, __ F.3d __, 2016 WL 3878219, at *3 (8th Cir. 2016) (citing references omitted). The Commissioner may meet her burden through the testimony of a VE. *Boyd v. Colvin*, __ F.3d __, 2016 WL 4150922, at *4 (8th Cir. 2016) (citing references omitted). VE testimony, however, must be in response to a hypothetical that accurately captures a claimant's RFC. See *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011) (VE testimony constitutes substantial evidence only when it is in response to a hypothetical that captures all the concrete consequences of a claimant's impairments).

The hypothetical posed to the VE in this case did not contain any of the nonexertional, depression-related limitations supported by the record. The hypothetical also failed to fully account for Mr. Kirkendoll's left arm limitations. The ALJ found that Mr. Kirkendoll's left arm impairment prevented him from occasionally pushing or pulling ten pounds or frequently pushing or pulling even less than ten pound. (Tr. 31-37) The ALJ provided no limitation, however, in reaching with the left arm.

A left arm limitation on reaching is strongly supported by the record.  The record does not show whether additional nonexertional and reaching limitations would prevent Mr. Kirkendoll from performing the jobs identified by the VE.  Accordingly, the Commissioner did not meet her burden at Step 5 and remand is appropriate.

### 3. Remand

On remand, the ALJ should either supplement the record regarding Mr. Kirkendoll's depression or include depression-related limitations in the RFC.  The ALJ should also determine whether Mr. Kirkendoll is limited in left arm reaching.

## IV. Conclusion

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  The Court finds the Commissioner erred in assessing Mr. Kirkendoll's RFC.  As a result, the Commissioner did not sustain her burden at Step 5 of the sequential analysis.

The Commissioner's decision is reversed and remanded for action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED, this 17th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE